**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **FREDDIE SINKLER, JR.,** | : | CIVIL NO. 1:14-CV-02342 |
| Petitioner, | : | |
| | : | (Judge Kane) |
| v. | : | |
| | : | |
| **CHAD FULTZ, et al.,** | : | |
| Respondents | : | |

**MEMORANDUM**

Petitioner Freddie Sinkler, Jr. ("Sinkler"), an inmate presently confined at the Federal Correctional Institution, Shuylkill in Minersville, Pennsylvania, initiated the above action pro se by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. No. 1 at 3.) In the petition, Sinkler claims that he was abducted on January 7, 2001, and has since been held "in private captivity inside a private depositary." (Id. at 2.) Sinkler seeks to have Respondents show "the certified record" granting them authority to hold Sinkler or, if there is no such authority, Sinkler seeks his release from incarceration. (Id. at 8–9.) For the reasons set forth below, the petition will be dismissed.

**I.    Background**

    **A.    Procedural History**

On January 7, 2001, Sinkler was involved in a high-speed chase with police officers, leading to his ultimate arrest and indictment for possession with intent to distribute cocaine. United States v. Sinkler, 267 Fed. App'x 171, 172 (2008). Sinkler filed a pretrial motion with this court to suppress the drug evidence, but the motion was denied after a hearing. Id. at 172–73. Sinkler then entered a guilty plea pursuant to an agreement that preserved his right to appeal the evidentiary ruling. Id. at 173. Sinkler then appealed the evidentiary ruling and the

U.S. Court of Appeals for the Third Circuit remanded the case for a new evidentiary hearing. Id. This court held a second hearing, and again denied Sinkler's motion. Id.

Sinkler filed a second appeal, which was dismissed due to untimeliness. Id. He then filed a motion to vacate judgment pursuant to 28 U.S.C. § 2255, arguing that his counsel was ineffective for failing to file a timely appeal. Id. This court granted the motion and re-sentenced Sinkler in order to reinstate his right to appeal. Id. Sinker then appealed once more and the Third Circuit upheld this court's denial of Sinkler's suppression motion. Id. at 175–76.

On February 29, 2012, Sinkler was released from prison into a five-year period of supervised release, during which he participated in the Court-Assisted Re-Entry program. United States v. Sinkler, 555 Fed. App'x 217, 218 (2014). On July 12, 2013, the United States Probation Office filed a petition alleging that Sinkler had violated conditions of his release by committing multiple crimes and failing to comply with the terms of his reentry program. Id. This court held a hearing at which Sinkler entered a plea of guilty to one of the violations pursuant to an agreement that the other charges would not be pursued. Id. at 218–19. This court then sentenced Sinkler to 24 months of imprisonment. Id. at 219. Sinkler then appealed the sentence, which was upheld by the Third Circuit. Id. at 222. Petitioner's present custodial status is a result of the 24 month's sentence for violation on supervised release.

    B.    **Sinkler's Petition**

On December 10, 2014, Sinkler filed the instant petition for writ of habeas corpus. (Doc. No. 1.) In the petition, Sinkler offers a narrative that is markedly different from the details contained in the records of his criminal trial and subsequent proceedings. (See id. at 1–2.) Sinkler claims that, on January 7, 2001, he was "seized by uniformless strangers," placed in an

unmarked car, and "transported into private captivity . . . for years inside various private depositary labor camps." (Id. at 6.) According to Sinkler, he has been held in private captivity since that day. (Id. at 2.) Sinkler claims that he was recently told by the custodian of the "private depositary" that he would be transferred into a state prison for 60 days beginning in March, 2015, after which he would be released. (Id. at 7.) Sinkler seems to believe that his upcoming transfer to a state institution is unlawful, or perhaps evidence of a more fundamental defect in his incarceration, and seeks to "compel the custodian holding his personal civil right to liberty under private captivity" to "make the return of the certified record showing the lawful authority being followed for his restraint." (Id. at 2.) In the event that such a record does not exist or is otherwise "insufficient," Sinkler seeks an order releasing him "from all restraint upon his personal civil right of liberty" and "whatever further relief that the interest of justice and interest of good Government and the public interest may require." (Id. at 8–9.)

## II. Discussion

### A. Standard of Review

District courts are required to "promptly examine" each petition for writ of habeas corpus before serving it on the respondent. Rule 4 of the Rules Governing Section 2254 Cases (applicable to § 2241 petitions through Rule 1(b)). When examining the petition, it is the duty of the court to dismiss the petition *sua sponte* if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Id.; see also 28 U.S.C. § 2243; McFarland v. Scott, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face."). Summary dismissal is appropriate "when the petition is frivolous, or obviously lacking in merit, or where .

3

. . the necessary facts can be determined from the petition itself without need for consideration of a return." Allen v. Perini, 424 F.2d 134, 141 (6th Cir. 1970), cert. denied, 400 U.S. 906 (1970).

**B.   Analysis**

Because Sinkler does not acknowledge the fact that he was convicted, it is unclear whether he intends to challenge the constitutionality of his conviction and sentence, or instead the manner in which his sentence is being executed. This court will discuss the problems associated with each interpretation in turn.

**i. Sinkler's Challenge of His Conviction is Not Cognizable in Habeas**

In his petition, Sinkler repeatedly asserts that his incarceration has no basis in legal authority. (Doc. No. 1 at 1, et passim.) Although he makes no mention of his conviction or sentencing in this court or his violation of supervised release and re-commitment on the violation, this complete denial that his current incarceration was pursuant to any legal action would be most readily interpreted as a challenge to the legality of his conviction and sentence. However, in almost all circumstances, challenges to a federal conviction and sentence must be brought in a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. 28 U.S.C. § 2255(e); see also Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002) (citing Davis v. United States 417 U.S. 333, 342 (1974). If a prisoner instead attempts to challenge the legality of his or her conviction or sentence through a petition for writ of habeas corpus, that petition must normally be dismissed. 28 U.S.C. § 2255(e).

Sinkler explicitly styles his petition as a petition for writ of habeas corpus, and cites 28 U.S.C. § 2241 as the basis for jurisdiction, rather than § 2255. While there is a very limited exception whereby federal prisoners may challenge their sentences in a habeas petition if the

remedy offered by § 2255 is "inadequate or ineffective," Sinkler offers no argument for why this exception would apply to his petition. Thus, to the extent that Sinkler attempts to challenge the legality of his original conviction and sentence, or his sentence on the revocation of supervised release, that challenge must be dismissed.

In other circumstances, this court would likely notify Sinkler that the pleading must be re-characterized as a § 2255 motion in order to be cognizable.[1] However, for the reasons set forth below, such a re-characterization would be futile and could jeopardize Sinkler's ability to file a future, potentially meritorious, § 2255 motion.

### ii. Sinkler's Claims are Plainly Frivolous

Given that courts must construe pro se habeas petitions generously, Rainey v. Varner, 603 F.3d 189, 198 (3d Cir. 2010), this court must consider whether to interpret Sinkler's petition as attacking the execution of his sentence, instead of his conviction and consequent imposition of his sentence. Sinkler appears to at least partly base his claim on his pending transfer from federal prison to a state-run detention center and his being housed with "enemy aliens born in other countries." (Doc. No. 1 at 6–7). However, even under this interpretation—or if this court were to recharacterize the petition as a § 2255 motion—Sinkler's petition must fail because its claims are frivolous and have no basis in law or fact. See Rule 4 of the Rules Governing Section 2254 Cases; 28 U.S.C. § 2243.

Sinkler asserts that he was abducted on January 7, 2001 by "uniformless armed

---

[1] Because this court sentenced Sinkler, it would have jurisdiction over such a motion. See 28 U.S.C. § 2255(a). Furthermore, although Sinkler has previously filed a § 2255 motion, a subsequent motion challenging his conviction and/or sentence would not be considered a "second or successive" motion under § 2255(h), because his first motion was merely used to reinstate his appellate rights. See In re Olabode, 325 F.3d 166 (3d Cir. 2003).

strangers" who made no claim to having lawful authority for his arrest, and that he has since been held in private captivity. (Doc. No. 1 at 1–2.) His narrative is plainly contradicted by his trial records. Sinkler was, through his counsel, an active participant in his criminal trial, and never raised the issue that he was being held in private captivity. See United States v. Sinkler, 01-cr-71 (M.D. Pa. 2006). Sinkler even filed a pro se motion to vacate his sentence that, far from indicating he was being held in private captivity, argued for the reinstatement of his appellate rights.[2] Id. at Doc. No. 102. The narrative set forth in the instant petition is thus clearly a complete fabrication.

Even if this court were to look past the outlandish factual claims in the petition, the legal claims that can be gleaned from it are also plainly without any merit. Sinkler appears to attack the jurisdictional basis for his confinement. (See, e.g., Doc. No. 1 at 4 (Respondents have never "claimed orally nor present[ed] [n]or disclosed any warrant and order or other certified record showing the respondent custodian followed any lawful authority of government."). It is well-settled that federal district courts have subject matter jurisdiction over all alleged violations of federal law, and obtain "personal jurisdiction over an indicted defendant once the defendant is brought before the court." United States v. Hurley, 543 F. App'x 249, 252 (3d Cir. 2013). As Sinkler was indicted for violation of a federal law, 21 U.S.C. § 841(a)(1), this court had jurisdiction over his criminal case and had the authority to sentence him to imprisonment. 28 U.S.C. § 3583. Similarly, the court had jurisdiction over Petitioner's violations of supervised release and sentenced him pursuant to that authority, resulting in his present confinement. To

---

[2] It is also worth noting that, in his pro se motion, Sinkler repeatedly referred to the adverse party in his case as "the government," rather than private abductors. Id. at Doc. No. 102, passim.

6

the extent that Sinkler is claiming that his pending transfer to a county prison somehow exceeds the authority of the Bureau of Prisons, this is also clearly baseless. See 18 U.S.C. § 3621(b) ("The Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility . . . whether maintained by the Federal Government or otherwise.").

Thus, because both the factual and legal claims contained in the instant petition are plainly frivolous, the petition must be dismissed.

### III. Conclusion

Because it is clear from Sinkler's petition and the relevant criminal trial records that his claims are frivolous, the instant petition must be dismissed. An appropriate order will issue.